UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY TARRATS, | : | CIVIL NO: 4:13-CV-00696 |
| Petitioner | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| WARDEN MONICA RECKTENWALD, | : | |
| | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The petitioner, Jeffrey Tarrats, contends that the Bureau of Prisons has improperly calculated his sentence. The Bureau of Prisons, however, has not improperly calculated Tarrats's sentence. Further, to the extent that Tarrats is challenging his sentence itself, he may not do so through a 28 U.S.C. § 2241 habeas petition. Thus, we recommend that the petition for a writ of habeas corpus be denied.

## II. Background and Procedural History.

Tarrats pleaded guilty in the United States District Court for the Eastern District of Virginia to conspiracy to distribute and to possess with intent to distribute Heroin in violation of 21 U.S.C. § 846. *See* Docket Sheet in *United States v.*

*Doweary,* 2:04-cr-00016-RAJ-JEB-7 (E.D. Va.). In his plea agreement, Tarrats waived his right to appeal his conviction and "any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) on . . . any ground whatsoever." *United States v. Linder*, 174 F. App'x 174, 175 (4th Cir. 2006). In October of 2004, the court sentenced Tarrats and addressed the waiver of his right to appeal as follows:

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Jeffery Tarrats, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 262 months.
> Upon release from imprisonment, you shall be on supervised release for a term of five years.
> . . .
> Now, as an alternative sentence, if the Court was not bound to follow these United States sentencing mandates, the Court would sentence you to the Bureau of Prisons for a period of 120 months. That's ten years, and the Court believes that's more appropriate as a sentence.
> The Court would likewise sentence you to five years of supervised release and the $100 special assessment, for all the standard conditions of supervised release to apply.
> At the time you entered your plea, Mr. Tarrats, you waived your right to appeal any sentence within the statutory maximum.
> Does he still wish to follow that provision of his plea agreement? The Court understands he might have some objection under Blakely which the Court has overruled.
> MR. FRUCCI: That would be the sole reason for an appeal, if the Court pleases.
> THE COURT: Are there any motions to be made, Mr. Mitchell?

>    MR. MITCHELL: Yes, Your Honor. With respect to the
> remaining counts of the indictment as they pertain to this defendant,
> the government would move for their dismissal.
>    THE COURT: On the motion of the United States attorney,
> the remaining counts of the indictment are hereby dismissed.
>    Are there any other matters, Mr. Frucci?
>    MR. FRUCCI: No, Your Honor.
>    THE COURT: Okay. The Court will be in recess until further
> notice.

*Doc. 9-2* at 25-27. The actual judgment and commitment order is not a part of the record in this case,[1] but Tarrats asserts that it reads as follows:

> The defendant is hereby committed to the custody of the United
> States Bureau of Prisons to be imprisoned for a term of two hundred
> sixty-two (262) months.
>
>                    ALTERNATIVE SENTENCE:
>
> Pursuant to 18 U.S.C.A. § 3553(a): the defendant is hereby
> committed to the custody of the United States Bureau of Prisons to
> be imprisoned for a term of one hundred twenty (120) months.

*Doc. 12* at 3.

Despite the waiver-of-appeal provision in his plea agreement, Tarrats appealed his sentence raising a claim based on *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), but the United States Court of Appeals for the Fourth Circuit dismissed that appeal. *United States v. Linder,* 174 F. App'x 174, 175 (4th Cir. 2006). The Fourth Circuit rejected

---

[1] The respondent states that she provided the sentencing court's docket because she could not obtain documents on PACER.

3

Tarrats's contention that the waiver-of-appeal provision of the plea agreement was unenforceable:

> Tarrats contends the Government's failure to object, after the district court inquired at the end of his sentencing hearing whether "he still wish[ed] to follow" his appellate waiver and Tarrats's counsel stated that *Blakely* "would be the sole reason for an appeal," constituted either a modification of his appellate waiver or a waiver by the Government of its right to enforce the appellate waiver on appeal. We disagree. We find there was no mutually agreed upon modification of the waiver of appellate rights contained in Tarrats's knowing and voluntary plea agreement. Moreover, the Government has timely and diligently pursued enforcement of the appellate waiver on appeal.

*Id.* The Fourth Circuit subsequently denied Tarrats's petition for reheaing and petition for rehearing en banc, *see* Docket Sheet in *United States v. Doweary,* 2:04-cr-00016-RAJ-JEB-7 (E.D. Va.)(doc. 215), and the United States Supreme Court denied a petition for a writ of certiorari. *Linder v. United States,* 127 S.Ct. 328 (2006).

In August of 2006, Tarrats filed a motion to impose the alternative sentence, but the sentencing court denied that motion. S*ee* Docket Sheet in *United States v. Doweary,* 2:04-cr-00016-RAJ-JEB-7 (E.D. Va.)(docs. 222 & 225). Then, in October of 2006, Tarrats filed a motion to vacate his sentence under 28 U.S.C. § 2255. *Id.* at doc. 227. The sentencing court denied that motion as well as Tarrats's motion for reconsideration, *id.* at docs. 240 & 245, and the Fourth Circuit

denied Tarrats's motion for a certificate of appealability and dismissed his appeal. *United States v. Tarrats,* 251 F. App'x. 256, 257 (4th Cir. 2007). In August of 2010, Tarrats filed a Fed.R.Civ.P. 60(b) motion for relief from the judgment denying his motion under 28 U.S.C. § 2255. S*ee* Docket Sheet in *United States v. Doweary,* 2:04-cr-00016-RAJ-JEB-7 (E.D. Va.)(doc. 289). The sentencing court denied that motion and Tarrats's subsequent motion for reconsideration. *Id.* at Docs. 291 & 295. The Fourth Circuit denied a certificate of appealability and dismissed his appeal, *United States v. Tarrats,* 435 F. App'x. 185 (4th Cir. 2011), and the United States Supreme Court denied Tarrats's petition for a writ of certiori. *Tarrats v. United States,* 132 S.Ct. 793 (2011).

Having failed in his repeated efforts to have his sentence modified from 262-months imprisonment to 120-months imprisonment, Tarrats, who is presently an inmate at the Federal Correctional Institution at Allenwood, filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241 claiming that the Bureau of Prisons is not properly executing his sentence.

## III. Discussion.

Habeas corpus is also available to a federal prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 243

(3d Cir. 2005)(finding petition reviewable under 28 U.S.C. § 2241 based upon the Bureau of Prisons' refusal to carry out the court's specific sentencing recommendation). In order to challenge the execution of his sentence under § 2241, however, a federal prisoner must show that the Bureau of Prisons' "conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe,* 681 F.3d 533, 537 (3d Cir. 2012).

In this case, Tarrats claims that his sentence is ambiguous because the court imposed two different terms of imprisonment for a single offense and the Judgment and Commitment Order gave no indication as to which sentence the Bureau of Prisons should execute. Citing the rule of lenity, Tarrats contends that the Bureau of Prisons exceeded its authority by executing the 262-month term instead of the 120-month term.

The rule of lenity generally requires that ambiguous criminal statutes be interpreted in favor of the defendant subject to them. *See United States v. Santos,* 553 U.S. 507, 514 (2008). For the sake of argument, we will assume that the rule applies to the interpretation of a criminal sentence. "Even so, the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute,' such that" the court must guess at what was intended. *Barber v. Thomas*, 130 S.Ct. 2499, 2508-509 (2010)(quoting

*Muscarello v. United States,* 524 U.S. 125, 139 (1998)). In this case, we conclude that Tarrats's sentence is not ambiguous, and, thus, the rule of lenity does not apply.

Tarrats was sentenced after the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004)(holding that the defendant's Sixth Amendment right to trial by jury was violated when the state court sentenced the defendant to more than the statutory maximum of the standard sentencing range, after making a judicial determination that the defendant acted with deliberate cruelty, where the facts supporting that finding were neither admitted by the defendant nor found by a jury). But he was sentenced before the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005)(extending the rule of *Blakely* to the Federal Sentencing Guidelines, severing and excising provisions of the Sentencing Reform Act of 1984 that made the Guidelines mandatory, and, thereby, transforming the Guidelines into advisory guidelines). Tarrats was sentenced at a time when there was considerable uncertainty about whether the federal sentencing guidelines could constitutionally be read as mandatory.

Addressing that uncertainty, on August 4, 2004, the Fourth Circuit held that *Blakely* did not operate to invalidate a sentence under the guidelines, and it instructed district courts to continue to sentence defendants in accordance with the guidelines. *United States v. Hammoud,* 378 F.3d 426 (4th Cir. 2004)(en banc order),

7

*vacated, Hammoud v.United States,* 543 U.S. 1097 (2005). "In the interest of judicial economy, however, and pending a definitive ruling by the Supreme Court," the Fourth Circuit recommended that the district courts "also announce, at the time of sentencing, a sentence . . . treating the guidelines as advisory only." *Id.* The Fourth Circuit explained that "announcing—not imposing—a non-guidelines sentence at the time of sentencing will serve judicial economy in the event that the Supreme Court concludes that *Blakely* significantly impacts guidelines sentencing." *United States v. Hammoud,* 381 F.3d 316, 353 (4th Cir. 2004)(en banc opinion) *vacated, Hammoud v.United States,* 543 U.S. 1097 (2005). The court reasoned that by announcing a non-guidelines sentence, if the Supreme Court does apply *Blakely* to the guidelines, "the district court and the parties will have made at least substantial progress toward the determination of a non-guidelines sentence, at a time when the facts and circumstances were clearly in mind." *Id.* It recognized, however, that "a new hearing may have to be convened in order to impose the previously determined and announced non-guidelines sentence," but it anticipated "that the district court and the parties will need to spend far less time preparing because the issues will already have been resolved." *Id.* at 353-54.

Here, Tarrats's sentencing judge followed the recommendation of the Fourth Circuit and imposed a guidelines sentence of 262-months imprisonment and

announced a non-guidelines sentence of 120-months imprisonment. Given the background, including the Fourth Circuit's recommendation and the sentencing judge's statements at sentencing, it is clear that the court did not impose two sentences. Rather, it imposed a 262-month sentence, and announced an alternative 120-month sentence—a sentence that was not effective at the time it was announced but the court thought may be imposed at some future point after further proceedings.

Although *Booker* later made the sentencing guidelines advisory, because Tarrats waived his right to appeal his sentence, he was unable to take advantage of the *Booker* decision. The sentencing court and the Fourth Circuit have rebuffed all of Tarrats's attempts to have the 120-month sentence imposed on him. Now, under the guise of challenging the execution of his sentence, Tarrats contends that the Bureau of Prisons should do that which the sentencing court and Fourth Circuit have held to be inappropriate—read the judgment as imposing a 120-month sentence rather than a 262-month sentence. But, there is no basis to conclude that the Bureau of Prisons is improperly executing Tarrats's sentence.

In the alternative to the Bureau of Prisons calculating his sentence as a 120-month term, Tarrats requests that the court vacate his sentence and remand to the sentencing court for clarification. The Fourth Circuit and the sentencing court, however, have already rebuffed Tarrats's attempts to have the 120-month sentence

9

imposed. Thus, there is no basis to send the case to the sentencing court. Moreover, to the extent that Tarrats is not challenging the Bureau of Prisons' execution of his sentence but the actual sentence itself, that is something that Tarrats cannot do through a § 2241 habeas petition.

A federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). He "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Manna v. Schultz,* 454 Fed.Appx. 31, 33 (3d Cir. 2010). A motion under § 2255 is inadequate or ineffective only if "'some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971)(quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538. "The "safety valve" provided under § 2255 is extremely

narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." *Brown v. United States*, 413 F. App'x 514, 516 (3d Cir. 2011).

Tarrats has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. Tarrats does not challenge his conviction on the ground that an intervening change in the law has rendered his actions non-criminal. Rather, he raises a claim based on sentencing, and he had the opportunity to raise sentencing claims on direct appeal and in a prior § 2255 motion. Although he was denied relief, that does not establish that § 2255 is inadequate or ineffective. Tarrats cannot challenge his sentence by a way of a §2241 habeas petition.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be denied.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within
> fourteen (14) days after being served with a copy thereof. Such party

shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 11th day of October, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge